UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| THELMA N. COON | CIVIL ACTION NO. 18-1035 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| RICHLAND PARISH TAX COMMISSION, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a motion to dismiss filed by Defendants Richland Parish Tax Commission (the "Commission"), Richland Parish (the "Parish"), and Debra Cooper ("Cooper") (collectively, "Defendants"). [Record Document 21]. For the reasons given below, the motion is **GRANTED IN PART** and **DENIED IN PART**. The motion is **DENIED** as to Plaintiff's claims against the Commission raised under the Age Discrimination in Employment Act ("ADEA"), but **GRANTED** as to all other claims.

### I.   Background

Plaintiff Thelma Coon ("Coon") worked for the Commission as a bookkeeper; Cooper, the Commission's administrator, supervised Coon. [Record Documents 1 at 1, 4–5 and 1-2 at 4]. In 2015, Coon was injured in an accident at her jobsite; she ultimately required bilateral knee replacement. [Record Document 1 at 3]. She initially received workers' compensation benefits, but these were stopped in March 2016. [*Id.*]. Coon alleges that she was then demoted to part-time status, resulting in the loss of her health insurance benefits. [*Id.* at 2]. At the same time, a new employee was hired to take over some of the duties that she was unable to perform

1

in her reduced hours. [*Id.* at 4–5]. After losing her benefits, Coon retired. [Record Document 1-2 at 6]. She alleges that she was discriminated against based on race in violation of Title VII, age in violation of the ADEA, and disability in violation of the Americans with Disabilities Act ("ADA"). [Record Document 1 at 1]. Specifically, she alleges that she was subjected to "retaliation [and] harassment" and ultimately forced into early retirement. [*Id.* at 1, 6]. After the Equal Employment Opportunity Commission ("EEOC") issued a right to sue letter, [Record Document 1-2 at 6], Coon filed the instant suit, [Record Document 1].

In their motion, Defendants argue that Coon was never employed by the Parish, that the Commission had too few employees to be subject to Title VII, the ADEA, or the ADA, and that none of these statutes provide a cause of action against an individual supervisor. [Record Document 21]. They further argue that Coon failed to establish a prima facie case under any of these statutes. [Record Document 21-1 at 5–7]. Coon did not file an opposition within the time allotted. After reviewing the materials attached to Defendants' motion, this Court determined that to grant the motion on grounds related to the number of employees would require considering materials outside of the pleadings. [Record Document 23]. To facilitate this process, the Court noticed its intention to convert Defendants' 12(b)(6) motion to a motion for summary judgment on two issues: the identity of Coon's employer and the number of employees at the Commission. [*Id.*]. The Court then granted Coon additional time to file an opposition. [*Id.*].

In her opposition, Coon points out that the Commission is run by a board composed of nine members, each representing one political subdivision located within Richland Parish.

[Record Documents 24 at 3 and 24-1 at 1–2]. She argues that this structure means that employees of the Commission are also employees of each of these political subdivisions. [Record Document 24 at 5]. Coon also asserts in a conclusory fashion that Cooper is individually liable because she was the Commission's administrator and that Coon does not have to establish a prima facie case at the motion-to-dismiss stage. [*Id.* at 5–8]. Defendants have filed a reply. [Record Document 25].

## II. Motion to Dismiss

### A. Standard of Review

In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In determining whether a complaint states a plausible claim, a court must construe the complaint in the light most favorable to the plaintiff, *see In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010), and accept as true all well-pleaded factual allegations, *see Twombly*, 550 U.S. at 555; *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Thus, this Court does not have to accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire*

*Ins. Sols, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

B. <u>**Application**</u>[1]

Under the ADEA, it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To prevail, a plaintiff must establish "that age was the 'but-for' cause of the challenged employer decision." *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 178 (2009)). A plaintiff's evidence may be direct or circumstantial. *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010) (citing *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002)).

To survive summary judgment in a circumstantial-evidence case, an ADEA plaintiff must, at minimum, establish a prima facie case under the familiar *McDonnell Douglas* framework. *Id.* at 378; *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973). This framework is not mandatory at the motion-to-dismiss stage. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002). Nevertheless, "[a]llegations related to that prima facie inquiry may . . . be helpful in satisfying the general *Iqbal* plausibility standard." *Haskett v. Cont'l Land Res., LLC*, 668 F. App'x 133, 134 (5th Cir. 2016) (per curiam) (citing *Leal v. McHugh*, 731 F.3d 405, 413 (5th Cir. 2013);

---

[1] This section addresses Coon's ADEA claims against the Commission under the 12(b)(6) standard. Her claims against the Parish and Cooper under all three employment-discrimination statutes and against the Commission under the ADA and Title VII depend upon the identity of Coon's employer and the number of persons employed. These claims are addressed later in this opinion under a summary judgment standard in response to an affidavit filed by Defendants.

4

*Flores v. Select Energy Servs., LLC*, 486 F. App'x 429, 432 (5th Cir. 2012)). The prima facie case in the ADEA context requires a plaintiff alleging unlawful termination to

> show that "(1) [s]he was discharged; (2) [s]he was qualified for the position; (3) [s]he was within the protected class at the time of discharge; and (4) [s]he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of h[er] age."

*Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004) (quoting *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 576 (5th Cir. 2003)). An employee's resignation may satisfy the discharge requirement if she was constructively discharged—i.e., "the employer made the employee's working conditions so intolerable that a reasonable employee would [have] fe[lt] compelled to resign." *Brown v. Bunge Corp.*, 207 F.3d 776, 782 (5th Cir. 2000) (quoting *Barrow v. New Orleans Steamship Ass'n*, 10 F.3d 292, 297 (5th Cir. 1994)). To survive summary judgment on a hostile work environment claim, a plaintiff must show that

> 1) [s]he was over the age of 40; (2) [she] was subjected to harassment, either through words or actions, based on age; (3) the nature of the harassment was such that it created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer.

*Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011) (citing *Crawford v. Medina Gen. Hosp.*, 96 F.3d 830, 834–35 (6th Cir. 1996)). Finally, the prima facie case for retaliation requires a showing that "(1) that [the plaintiff] engaged in a protected activity, (2) that there was an adverse employment action, [. . .] (3) that a causal link existed between the protected activity and the adverse employment action;" and (4) that she was qualified for her position. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496–97 (5th Cir. 2015) (quoting *Holtzclaw v. DSC*

*Commc'ns Corp.* 255 F.3d 254, 259 (5th Cir. 2001)).[2]

Coon makes only two factual allegations related to age.[3] In her EEOC charge, Coon listed her age as 62. [Record Document 1-2 at 4]. In a letter to the EEOC investigator, she describes a meeting where the Commission's attorney stated that "he had a medial meniscus tear surgery, and he was back at work the next day." [Record Document 1 at 4]. Coon then relates, "I took offense to that comment because Mr. Doughty is younger than I am, and I stated to him that we all don't heal the same way." [*Id.*].

Rule 8 of the Federal Rules of Civil Procedure is only a "low threshold." *Wooten*, 788 F.3d at 498. The most instructive precedent is *Wooten v. McDonald Transit Associates., Inc.* in which the complaint alleged:

> (1) Wooten is a former employee of McDonald Transit; (2) Wooten was employed by McDonald Transit from 1999 until May 1, 2011; (3) at the time he was fired, Wooten was a Class B mechanic earning $19.50 per hour, plus benefits; (4) in October 2010, Wooten filed an age-discrimination claim with the EEOC, after which McDonald Transit "discriminated and retaliated against [Wooten], and created a hostile work environment, until such time that [Wooten] was constructively discharged on or about May 1, 2011"; and (5) McDonald Transit's unlawful conduct caused Wooten harm, including damages in the form of lost wages and benefits, mental anguish, and non-economic damages.

---

[2] There is some question whether the fourth element continues to be good law in light of *Burlington Northern & Santa Fe Railway Co. v. White*, which rejected a qualification element in the prima facie case for retaliation under Title VII. 548 U.S. 53 (2006). However, *Burlington* did not address the ADEA; as a result, a Fifth Circuit panel felt itself bound by prior circuit precedent that an ADEA plaintiff alleging retaliation must show on summary judgment that she was qualified for her position. *Wooten*, 788 F.3d at 497 n.2.

[3] Because Coon filed her initial complaint *pro se*, the Court treats the complaint form, [Record Document 1 at 1–2], and all the materials she attached to her complaint, [Record Documents 1 at 3–6 and 1-2], as part of her complaint.

*Id.* The Fifth Circuit held that these allegations satisfied Rule 8. *Id.*

Here, Coon alleged that she began working for the Commission in 2004, "most recently as a Bookkepper/Data Processing Manager earning $22.00 per hour." [Record Document 1-2 at 4]. She detailed a series of meetings and encounters involving Cooper and other persons associated with the Commission and alleged that these encounters demonstrate that she "was discriminated against, retaliated against, and harassed." [Record Document 1 at 4–6].[4] Coon's description reveals her increasing frustration and her belief that she was ultimately "forced into early retirement." [*Id.* at 6]. She also specifically alleged that Defendants' conduct constituted "age discrimination." [*Id.* at 1]. She seeks $500,000 in compensatory damages for "loss of wages/economic loss, emotional anguish, mental and physical anguish, embarrassment and loss of reputation." [Record Document 13 at 3].

Admittedly, Coon could have more effectively connected the incidents she describes in her complaint to her age, but the complaint nonetheless provides sufficient detail to put Defendants on notice of the actions that she claims were discriminatory. Accepting the allegations in the complaint as true and making all inferences in Coon's favor, she has stated a claim that she was subjected to a hostile work environment and was constructively discharged when she was forced to take early retirement after losing her benefits.[5]

---

[4] In this portion of her complaint, Coon specifically states that these adverse actions were "because of my injury/disability." [Record Document 1 at 6]. In light of the need to construe *pro se* complaints liberally and Coon's claim that the Commission's conduct constituted "age discrimination," [*id.* at 1], the Court construes the events she has described as allegations related to all three forms of discrimination that she alleges: race, age, and disability.

[5] Although Defendants entitled their motion a "motion for a more definitive

However, viable allegations of retaliation must include a temporal dimension such that the allegedly retaliatory conduct <u>follows</u> the protected activity. 788 F.3d at 498–99. Protected activity includes opposing discriminatory employment practices and participating in EEOC proceedings. 29 U.S.C. § 623(d). Coon has not described any situation in which she expressed to any person associated with the Commission opposition to age discrimination. Likewise, all of the allegedly retaliatory conduct described in Coon's complaint occurred prior to July 20, 2016, but Coon did not file her EEOC charge until October 28, 2016. [Record Documents 1 at 3–6 and 1-2 at 4]. Therefore, the factual allegations in the complaint are insufficient to support a plausible conclusion that she suffered retaliation for opposing an unlawful discriminatory practice or for exercising her right to make an EEOC complaint.[6]

Therefore, the Court holds that Coon has failed to state a claim for retaliation in violation of the ADEA, but has stated hostile work environment and constructive discharge claims. Nevertheless, Plaintiff is cautioned that her burden of production will be significantly higher at summary judgment when as part of her prima facie case she must connect the alleged

---

statement," [Record Document 21 at 1], they made no arguments pertaining to their alleged need for more information in order to adequately defend against Coon's claim. Therefore, the Court declines to order a more definitive statement, particularly in light of the details she did provide regarding her allegations of a hostile work environment and her constructive discharge.

[6] Coon has requested leave to amend her complaint. [Record Document 24 at 7]. Although she filed her original complaint pro se, [Record Document 1], she then obtained counsel who filed a first amended complaint with the leave of this Court, [Record Documents 12 and 13]. Because Coon has already had the opportunity and assistance of counsel to amend her complaint to address its deficiencies and because the facts necessary to state a claim for retaliation have always been within Coon's personal knowledge, the Court exercises its discretion to deny her the opportunity for a second amendment.

discrimination to her age. *See Dediol*, 655 F.3d at 411 (citing *Crawford*, 96 F.3d at 834–35) (requiring a plaintiff alleging a hostile work environment to show that the harassment was "based on age"); *Rachid*, 376 F.3d at 309 (quoting *Palasota*, 342 F.3d at 576) (requiring that a unlawful-termination plaintiff show that she was "otherwise discharged because of [her] age").

## III. Summary Judgment

### A. Conversion of Motion to Summary Judgment

In considering a motion to dismiss under Rule 12(b)(6), a district court is typically limited to the contents of the pleadings. *See* Fed. R. Civ. P. 12(d); *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992). If material that is not attached to or otherwise incorporated into the pleadings is to be considered, a district court must treat the motion as one for summary judgment. Fed. R. Civ. P. 12(d). This conversion, however, is not required if the exhibits are "central" to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 499 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The material relevant to Defendants' claim that neither the Parish nor the Commission are employers under the ADA, ADEA, or Title VII is an affidavit attached to Defendants' motion to dismiss. [Record Document 21-2]. The affidavit asserts that the Commission only had two or three employees during the period of Coon's employment and that Coon was never employed by the Parish. [*Id.* at 1]. These assertions directly conflict with the allegations in the complaint. [Record Documents 1 at 3 and 13 at 3]. As a result, the affidavit clearly lies outside of the pleadings and so can only be considered on summary judgment.

B. <u>**Summary Judgment Standard**</u>

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. *See id.* at 322–23.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact, the nonmovant must demonstrate that there is, in fact, a genuine issue for trial by going "beyond the pleadings" and "designat[ing] specific facts" for support. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with some metaphysical doubt as to the material facts," by conclusory or unsubstantiated allegations, or by a mere "scintilla of evidence." *Id.* (internal quotation marks and citations omitted). However, "[t]he evidence of the non-movant is to be believed, and all

---

[7] Rule 56 was amended effective December 1, 2010. Per the comments, the 2010 amendment was intended "to improve the procedures for presenting and deciding summary judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged." Therefore, the case law applicable to Rule 56 prior to its amendment remains authoritative, and this Court will rely on it accordingly.

justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1985) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the nonmovant is so "weak or tenuous" that it could not support a judgment in the nonmovant's favor. *Armstrong v. City of Dall.*, 997 F.2d 62, 67 (5th Cir. 1993).

Additionally, Local Rule 56.1 requires the movant to file a statement of material facts as to which it "contends there is no genuine issue to be tried." The opposing party must then set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." W.D. La. R. 56.2. All material facts set forth in the movant's statement "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." *Id.*

### C. <u>Application</u>

#### 1. <u>The Commission</u>

Not every entity that employs workers is exposed to liability under federal law. Both Title VII and the ADA define "employer" as an entity with fifteen or more employees. 42 U.S.C. §§ 2000e(b), 12111(5)(A). Defendants' affidavit avers that the Commission had two or three employees during the relevant time period, [Record Document 21-3]; Coon offers no competent summary judgment evidence in response. As she has failed to controvert Defendants' claim regarding the number of employees at the Commission, it is established that the Commission had fewer than fifteen employees. Thus, the Commission is not liable to

11

Coon under Title VII or the ADA.

Defendants also assert that the Commission is not an "employer" for purposes of the ADEA because the Commission has fewer than twenty employees. [Record Document 21-1 at 3–4]. This assertion misstates the applicable law. The entire provision reads:

> The term "employer" means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . . The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State, and any interstate agency, but such term does not include the United States, or a corporation wholly owned by the Government of the United States.

29 U.S.C. § 630(b). The ADEA thus treats public employers differently than private employers. *See Mount Lemmon Fire Dist. v. Guido*, 139 S. Ct. 22 (2018). As the Supreme Court has recently clarified, states and political subdivisions are subject to ADEA liability regardless of their number of employees. *Id.* at 27 (construing § 630(b)). Thus, summary judgment is granted for the Commission on Coon's Title VII and ADA claims, but not on her ADEA claim.

### 2. **The Parish**

Coon has named the "Parish of Richland, State of Louisiana" as a defendant. [Record Document 13 at 2]. She asserts that the Commission "is an entity of Richland Parish, which includes the Town of Rayville, Town of Delhi, Town of Mangham, Richland Parish Sheriff's Office, Richland Parish Police Jury, and the Richland Parish School Board." [Record Document 1 at 6]. Defendants insist that the appropriate party defendant is not the Parish but rather the Richland Parish Police Jury (the "Police Jury") and that the Police Jury was not Coon's employer. [Record Documents 21 at 1 and 25 at 2–4].

This Court need not decide whether the Parish or the Police Jury is the correct party because neither the Parish nor the Police Jury are liable to Coon. In the statutes on which she relies, the appropriate defendant is a plaintiff's employer. 29 U.S.C. § 623(a); 42 U.S.C. §§ 2000e-2(a), 12111(2), 12112(a). Coon pleaded that her employer was the Commission, and Cooper's uncontroverted affidavit confirms that Coon was employed by the Commission and not by the Police Jury. [Record Documents 1 at 1, 3 and 21-2].

To salvage her claim against the Parish, Coon asserts that the Commission is an "Agency of Richland Parish." [Record Document 13 at 3]. She argues that because the Commission's board controls the Commission's actions, a Commission employee is also an employee of each political subdivision that has a seat on the board. [Record Document 24 at 4–5]. Unsurprisingly, she provides no authority for this novel theory.

As Coon admits, [Record Document 24 at 3], the Commission was created pursuant to Louisiana's local services law, which authorizes parishes or municipalities to create by resolutions of their respective governing bodies "a joint commission as an agency and instrumentality of such parishes or municipalities," La. Stat. Ann. § 33:1332(A) (2002); *Bd. of Comm'rs v. All Taxpayers, Property Owners, & Citizens of La.*, 360 So. 2d 863, 864 (La. 1978). Such a joint commission is a "body corporate" with the "power to sue and be sued." La. Stat. Ann. § 33:1332(C)(1). This language strongly suggests that the Commission is independent of the Parish even though the Police Jury is one of the political subdivisions that created the Commission.

This reading is reinforced by a related provision defining a joint commission as a

"political subdivision." *Id.* § 33:1334(D). Under the Louisiana Constitution, a political subdivision is a "parish, municipality, and any other <u>unit</u> of local government, including a school board and a special district, authorized by law to perform governmental functions." La. Const. art. VI, § 44(2) (emphasis added). Just as a parish's school board is a separate entity from the parish with which it is geographically coextensive, the Commission is not equivalent to either the Parish or the Police Jury. The Parish and the Commission are distinct entities.

To support her claim that the Parish was her employer, Coon cites irrelevant caselaw interpreting the employer-employee relationship under the Fair Labor Standards Act and the National Labor Relations Act. [Record Document 24 at 3–4]. The appropriate test for purposes of the ADA, the ADEA, and Title VII is a hybrid test that evaluates the degree of control exercised by the employer over the purported employee and the economic realities of that relationship. *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 227 & n.2 (5th Cir. 2015) (citing *Deal v. State Farm Cty. Mut. Ins. Co. of Tex.*, 5 F.3d 117, 118–19 (5th Cir. 1993)). Considerations for the degree of control include "whether the alleged employer has the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule." *Id.* at 227 (quoting *Deal*, 5 F.3d at 119). The economic realities portion of the test "focuse[s] on whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment." *Id.* (quoting *Deal*, 5 F.3d at 119). Defendants have presented affidavit evidence that the Commission "has separate employees, separate payroll, separate policies, separate audits, and separate administration" from the Parish, [Record Document 21-2 at 1], and Coon has offered

14

no competent summary judgment evidence to establish that the Parish fulfilled any of the criteria laid out by the Fifth Circuit in *Burton* and *Deal*.

For all of these reasons, the Court cannot conclude that the Parish was Coon's employer. The Parish must be dismissed.

### 3. Cooper

Coon sues Cooper in her individual capacity and in her official capacity as the Commission's administrator. [Record Document 13 at 2]. Defendants argue that there is no individual liability under Title VII, the ADA, or the ADEA and that a suit against Cooper in her official capacity merely duplicates a claim against the Commission. [Record Document 21-1 at 4–5].

The "ADEA 'provides no basis for individual liability for supervisory employees.'" *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. 2001) (quoting *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996)). Thus, Cooper is not individually liable under the ADEA. Similarly, "[T]itle VII does not permit the imposition of liability upon individuals unless they meet [T]itle VII's definition of 'employer.'" *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994). A Title VII "employer" is "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and <u>any agent of such a person</u>." 42 U.S.C. § 2000e (emphasis added). It may be tempting to read this provision to render supervisors, who under the law of agency are an employer's "agents," as employers for Title VII purposes. Nevertheless, the Fifth Circuit has held "illogical" a "reading that would require us to treat some employees as both an employer and an employee." *Grant*, 21 F.3d at 653. Because

15

Cooper does not personally employ fifteen or more workers, she is not an "employer" under Title VII.

The ADA's definition of "employer" parallels Title VII's: "a person engaged in an industry affecting commerce who has 15 or more employees . . . and any agent of such person." 42 U.S.C. § 12111(5). Latching on to this parallel, other courts in this circuit have held that supervisors are not individually liable for ADA violations. *Frazier v. Radio Shack Corp.*, No. 10-855, 2012 WL 359716, at *3 (M.D. La. Feb. 2, 2012) (citing *Starkman v. Evans*, 18 F. Supp. 2d 630, 632 (E.D. La. 1998)); *Starkman*, 18 F. Supp. 2d at 632 (citing *Hardwick v. Curtis Trailers, Inc.*, 896 F. Supp. 1037, 1039 (D. Or. 1995)). Although the Fifth Circuit has not expressly reached this holding, in finding that no cause of action against an individual supervisor lies under the ADA, the Eastern and Middle Districts of Louisiana relied on the Fifth Circuit's holdings in *Medina v. Ramsey Steel Co.* (on the ADEA) and *Grant v. Lone Star Co.* (on Title VII). *See Frazier*, 2012 WL 359716, at *3 (citing *Medina*, 238 F.3d 674); *Starkman*, 18 F. Supp. 2d at 632 (citing *Grant*, 21 F.3d 649). As a result, this Court is persuaded that the ADA's definition of "employer" must be interpreted in the same manner as Title VII's definition. Thus, in agreement with its sister districts, this Court holds that a supervisor is not individually liable under the ADA. Cooper is therefore shielded from individual liability under all three statutes.

The Fifth Circuit has rejected official-capacity claims under Title VII and suggested that such claims are not cognizable under the ADA. *See Moss v. Harris Cty. Constable Precinct One*, 851 F.3d 413, 420 n.5 (5th Cir. 2017); *Ackal v. Nat'l Comm'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003) (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 448–49 (5th Cir. 2002). As a result,

this Court will dismiss the official-capacity claims raised under these statutes. "[T]he appropriate defendant to be sued under the ADEA is that same person as under Title VII . . . ." *Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988). Because official-capacity suits are improper under Title VII, this Court must likewise dismiss Coon's official-capacity ADEA claim. Because neither the individual-capacity nor official-capacity claims are cognizable under the federal employment-discrimination statutes, the Court will dismiss all claims against Cooper.

**IV. Conclusion**

For the reasons given above, Defendants' motion to dismiss or, alternatively, for summary judgment, [Record Document 21] is **GRANTED IN PART** and **DENIED IN PART**. The motion is **DENIED** as to Coon's hostile work environment and constructive discharge claims against the Commission under the ADEA. Summary judgment is **GRANTED** as to Coon's ADA and Title VII claims against the Commission and as to all claims against the Parish and Cooper. The Commission may re-urge a motion for summary judgment on the surviving ADEA claims following appropriate discovery.

Those claims on which the motion has been granted are hereby **DISMISSED WITH PREJUDICE**.

The parties are **REFERRED** to the Magistrate Judge for entry of a scheduling order.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 4th day of June, 2019.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE