UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

THELMA N COON                                    CASE NO. 3:18-CV-01035

VERSUS                                           MAG. JUDGE KAREN L. HAYES

TAX COMMISSION RICHLAND PARISH

## MEMORANDUM RULING

Before the Court is a motion for summary judgment filed by defendant Richland Parish Tax Commission ("the Commission"). With the consent of all parties, the District Court referred the above-captioned case to the undersigned magistrate judge for the conduct of all further proceedings and the entry of judgment. 28 U.S.C. § 636(c). For reasons that follow, the motion is GRANTED and the claims DISMISSED WITH PREJUDICE.

## Background

This is an employment discrimination lawsuit brought by plaintiff Thelma Coon against the Richland Parish Tax Commission. Coon alleges discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). Her pending claims are a constructive discharge claim and a hostile work environment claim.

Coon began working for the Commission in May 2004. (Coon Dep. p. 18). She was 50 when she started her employment. *Id*. at 19. On July 17, 2015, Coon was injured on the Commission's premises when her son accidentally hit her with a car. *Id*. at 23-24. The accident caused a non-displaced fibula fracture in the left leg near the ankle and a hematoma on her left leg. *Id*. at 25-26. She was off work from July 18, 2015, until November 8, 2015. *Id*. at 26-27. Starting November 9, 2015, plaintiff worked one forty hour week, but complained of continued knee problems and went back to part-time status. *Id*. at 37. Starting November 21, 2015, Coon never

1

worked over twenty-eight hours per week until she voluntarily resigned on January 20, 2017. *Id*. at 37-38. Coon underwent surgery to repair her right knee on April 27, 2016.

On April 19, 2016, the Commission had a special meeting with Coon to discuss her employment status given the pending surgery. At that time, Coon was one of two employees of the Commission. The Commission decided to hire another full-time employee for the office since Coon would continue to be out of the office. In May 2016, the Commission hired Ashley Holman as an additional employee. (Cooper. Dep. pp. 21-22). Nevertheless, Coon maintained her position. (Coon Dep. pp. 45, 54). Coon claims at the meeting Mayor Jesse Washington said the Commission may want to hire someone younger. *Id*. at pp. 48-49.

After the surgery, Coon returned to work on June 6, 2016. She continued part-time work hours. She claims a hostile work environment at the Commission after she returned to work. Coon claimed that she, Cooper, and Holman had communication issues, though she said the issue had nothing to do with age. *Id*. at pp. 56-57. She also complained of a hostile work environment because the Administrator changed the locks on the Administrator's door, though she admitted this had nothing to do with her age. *Id*. at pp. 72, 84. She also said she was written up by the Administrator in November 2016 due to an internet repair issue but admitted this had nothing to do with her age. *Id*. at pp. 72, 73.

On July 18, 2016, plaintiff was sent a letter telling her that, because she was only working part-time, she was no longer eligible for annual leave, sick leave, or insurance reimbursement. The letter said that all benefits would return if plaintiff resumed full-time work.

Coon was familiar with the Commission's manual, which provides that only full-time employees are eligible for annual leave, sick leave, and health insurance reimbursement. *Id*. at 20-21. She knew a full-time employee must work forty hours per week. *Id*. at 22

On November 9, 2016, Coon filed an EEOC complaint claiming discrimination under Title VII of the Civil Rights Act, the ADEA, and the Americans with Disabilities Act. On January 20, 2017, Coon submitted her retirement resignation letter. On May 14, 2018, EEOC issued a dismissal of plaintiff's complaints because EEOC was unable to find violations of the statutes. On August 10, 2018, Coon filed the instant suit.

On December 17, 2018, defendants filed a Motion to Dismiss for Failure to State a Claim or in the Alternative a Motion for Summary Judgment to dismiss the claims against the Richland Parish Police Jury, the individual complaints against Debra Cooper, and the claims under Title VII, the ADA, and the ADEA. On June 4, 2019, Judge Foote granted the Motion to Dismiss and/or Motion for Summary Judgment as to all claims other than the ADEA claims for hostile work environment and constructive discharge against the Commission.

On February 26, 2020, the Commission filed the current motion for summary judgment, seeking dismissal of the remaining claims. [doc. # 46]. On March 18, 2020, Coon filed her opposition. [doc. # 49]. The matter is ripe.

## **Pertinent facts**

Under Local Rule 56.1, every motion for summary judgment must be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Under Local Rule 56.2, a party opposing a motion for summary judgment must include a separate, short and concise statement as to which there remains a genuine issue to be tried. All facts set forth by the moving party in the required statement will be deemed admitted unless controverted.

In the present case, Coon has only made a few objections to the statement of material facts presented by the Commission. Thus, all other facts in the statement submitted by the Commission are deemed admitted. For ease of reading and clarity, the court first lists the undisputed facts and

3

then lists the facts to which there is any objection or dispute. The materiality of the disputed facts will be discussed in connection with the court's analysis of each claim.

A. **Undisputed facts**

1. Coon started working for The Commission in May 2004.

2. The Commission had a written Employee Benefit Plan/Policy Manual, which stated that only full-time employees could qualify for sick leave, and that only full-time employees could qualify for health insurance reimbursement.

3. The Louisiana State Retirement System allows only full-time employees to qualify. A full-time employee is defined as those working at least a minimum of twenty-eight to thirty hours per week.

4. On July 17, 2015, Coon was injured when her son accidentally struck her with a car.

5. The accident caused a non-displaced fibula fracture in the left leg near the ankle and a hematoma on her left leg.

6. Coon was off work from July 18, 2015, to November 8, 2015.

7. Starting on November 9, 2015, Coon worked one forty-hour week, but went back to part-time status.

8. From November 21, 2015, until Coon's voluntary resignation on January 20, 2017, she did not work twenty-eight to thirty hours per week for the Commission.

9. Thelma Coon's loss of benefits was based on her part-time employment and the Commission's written benefit plan, not on Coon's age.

10. The "lack of communication" issues between Debra Cooper, Thelma Coon, and Ashley Holman had nothing to do with Coon's age.

B. **Disputed facts**

1. The plaintiff contends Jesse Washington's statement at the Board Meeting on April 19, 2016, that the Administrator consider hiring a younger person was a factor in the subsequent hiring of a younger person and resignation of plaintiff.

2. The plaintiff says the Board's motion was to hire a temporary part time person in addition to Plaintiff to help out while Plaintiff was out or on the days Plaintiff was unable, due to her health, to work a full eight hours.

3. The plaintiff says Cooper was given permission only to hire "someone part time temporary" and the salary was also approved.

4

4. The plaintiff contends "changing the locks on the administrator's door was in retaliation after plaintiff complained to EEOC." The defendant claims the changing of the locks had nothing to do with plaintiff's age.

5. Plaintiff contends the only write up against her was in retaliation for filing a complaint with EEOC. Defendant contends the write up dealt with an internet repair issue and had nothing to do with Coon's age.

6. Plaintiff contends her resignation was not voluntary but was forced because her benefits were withdrawn. Defendant claims the resignation was voluntary.

7. Plaintiff argues she was never provided a reasonable accommodation to help her transition into working full-time hours.

## Law and Analysis

### A. Summary judgment standard

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Covington v. Keith D. Peterson & Co., Inc.*, Civil Action No. 10-706, 2011 WL 6152861, at * 1 (W.D. La. May 12, 2011).

If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so tenuous on an essential fact that it could not support a judgment in favor of the movement, then summary judgment should be granted. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).

## B. Age discrimination

Under the ADEA, it is "unlawful for an employer…to discharge any individual or otherwise discriminate against any individual with respect to its compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To prevail, "a plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010)(quotation marks and citation omitted). A plaintiff's evidence may be direct or circumstantial. *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010)(citing *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 (5th Cir. 2002)).

The prima facie requirements for a disparate treatment claim are: (1) the plaintiff was subjected to adverse action; (2) the plaintiff was qualified for the position; (3) the plaintiff was within the protected class at the time; and (4) the plaintiff was terminated because of her age. *Goudeau v. National Oilwell Varco, L.P.*, 793 F.3d 470, 474 (5th Cir. 2015). An employee's resignation may satisfy the termination requirement if she was constructively discharged—i.e., "the employer made the employee's working condition so intolerable that a reasonable employee would [have] fe[lt] compelled to resign." *Brown v. Bunge Corp.*, 207 F.3d 776, 782 (5th Cir. 2000)(quoting *Barrow v. New Orleans Steamship Ass'n*, 10 F.3d 292, 297 (5th Cir. 1994)).

A plaintiff may establish age discrimination by either direct evidence or indirect evidence. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004). If the plaintiff provides indirect evidence of discrimination, the *McDonnell Douglas* test applies. *See id.* Under the *McDonnell Douglas* test,

> The plaintiff must still demonstrate a prima facie case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff. If the defendant can make the necessary showing, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that

the defendant's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is the plaintiff's protected characteristic (mixed-motive[s] alternative).

*See id*. (Citations omitted). To avoid summary judgment, an age discrimination plaintiff must present evidence that both (1) rebuts the employer's non-discriminatory reason, and (2) creates an inference that age was a determinative factor in the challenged employment decision. *Ross v. University of Texas at San Antonio*, 139 F.3d 521 (5th Cir. 1998).

To survive summary judgment on a hostile work environment claim, a plaintiff must show: (1) [s]he was over the age of 40; (2) [she] was subjected to harassment, either through words or actions, based on age; (3) the nature of the harassment was such that it created an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer. *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011)(citing *Crawford v. Medina Gen. Hosp.*, 96 F.3d 830, 834-35 (6th Cir. 1996).

Here, the evidence fails to show that plaintiff was discriminated against because of her age. Coon fails to provide any evidence showing a link between her loss of benefits, her resignation, and her age. Instead, the evidence shows Coon was unable to work full-time because of her injury, and, pursuant to the Commission's policy, was thus unable to qualify to receive benefits.

The only evidence Coon points to that supports age discrimination is Mayor Washington's alleged statement that the Commission should hire someone younger. But the remark by Washington, if it occurred, is nothing more than a stray remark and is not sufficiently probative of intent for a reasonable jury to conclude that age discrimination resulted in Coon's constructive discharge. *See, e.g, Katseanes v. Time Warner Cable, Inc.*, 511 Fed.Appx 340, 346 (5th Cir. 2013)(holding that supervisor's comment she was going to "clean house" and wanted to "get rid of the older" did not provide a legally sufficient basis for sending a case to a jury); *Gifford v. Lone Star Steel*, 170 F.3d 183 (5th Cir. 1999) (holding that telling the plaintiff he should be "out fishing instead of working" or "retired and out fishing," and that the plaintiff could call his termination

7

"being retired, or fired, or a reduction in workforce, it really doesn't matter, you can call it anything you want," were stray remarks); *Waggoner v. City of Garland*, 987 F.2d 1160, 1166 (5th Cir. 1993)(holding that supervisor's remark that a younger person could do faster work and reference to the plaintiff as an "old fart" were stray remarks, insufficient to establish age discrimination). In the case *sub judice*, the alleged remark by Washington is too vague, indirect, and remote to support a finding of age discrimination. There is no apparent connection between the remark and Coon's voluntary resignation. Instead, the weight of the evidence, including Coon's admission, demonstrates her resignation had nothing to do with her age but was a result of her loss of benefits.

Coon appears to argue that she was the victim of age discrimination because she was unable to recover as quickly as a younger person, but this argument does not establish an age discrimination claim. Instead, a problem with recovery demonstrates that Coon resigned because of her continuing injury, not because of age discrimination.

In addition, the evidence does not establish that plaintiff was subjected to a hostile work environment. In discussing a hostile work environment, plaintiff listed (1) Cooper not communicating with her the way she used to; (2) the administrator changing the lock on the door; (3) the new employee ignoring her; (4) the administrator writing her up for an internet repair phone call in which she hung up on the administrator; (5) Cooper suggesting that she see a doctor; and (6) comments that it was taking her a long time to heal. (Coon Dep. p. 72). None of these incidents are connected to Coon's age. In fact, Coon even admits that these occurrences had nothing to do with her age. *Id*. at pp. 73, 75, 57, and 84. In the absence of evidence showing Coon was subjected to a hostile work environment because of her age, the defendant is entitled to summary judgment on this claim.

None of the factual disputes raised by Coon demonstrate a genuine dispute of any material fact. She first argues that she never was provided a reasonable accommodation. However, her only

claim at this point is an age discrimination claim under the ADEA, a statute that does not require an employer to offer a reasonable accommodation. Thus, it is irrelevant whether the Commission offered Coon a reasonable accommodation. Second, Coon makes allegations suggesting she was the victim of retaliation. Since the retaliation claim has already been dismissed, such allegations are also irrelevant.

Under the undisputed material facts of this case, no reasonable trier of fact could conclude that Coon resigned because of age discrimination. The evidence shows that she was not working full-time and decided to resign because she was not collecting benefits. Coon was unable to work the required number of hours because of her injury, not because the Commission discriminated against her because of her age. Coon simply provides no evidence to support her claim of age discrimination. The defendant is entitled to summary judgment.

## **CONCLUSION**

For the foregoing reasons, the Motion for Summary Judgment filed by defendant Richland Parish Tax Commission is GRANTED. Coon's claims against Richland Parish Tax Commission are DISMISSED WITH PREJUDICE.

In Chambers, at Monroe, Louisiana, this 31st day of March 2020.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE